UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DAVID CARTER,

         Petitioner,      22-CV-09019 (ER)(SN)

   -against-            <u>ORDER</u>

ANTHONY ANNUCCI,

         Respondent.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

  This habeas petition is brought under 28 U.S.C. § 2254 and seeks release from state custody. The case was transferred to this Court from the U.S. District Court for the Eastern District of New York on October 23, 2022. Since then, Petitioner has filed multiple requests seeking emergency relief, including release from custody. <u>See</u> ECF Nos. 24, 26, 27, 28, 30 & 31.

  Most recently, Petitioner filed a motion seeking immediate interim release pending the resolution of his habeas petition because of the particular risk the COVID-19 pandemic poses to his health and the long duration of his current confinement. ECF No. 30. The Court interprets this request to be brought under <u>Mapp v. Reno</u>, 241 F.3d 221, 226 (2d Cir. 2001).

  The Court of Appeals has established that a habeas petitioner may be released on bond pending a final decision on his habeas petition when "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." <u>Oster v. United States</u>, 584 F.2d 594, 596 n.1 (2d Cir. 1978) (internal quotation marks and citations omitted). This power "is a limited one, to be exercised in special cases only." <u>Mapp</u>, 241 F.3d at 226. In determining whether the standard articulated in Mapp has been met, Courts have

generally considered three factors: (i) whether substantial claims are set forth in the habeas corpus petition; (ii) whether the petitioner has demonstrated a likelihood of success on the merits of his petition; and (iii) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective. See Boddie v. N.Y. Div. of Parole, No. 08-cv-9287 (LAP)(DF), 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009).

Petitioner has not met the high burden to justify release pending a decision on his habeas petition. While the Court recognizes that the risk of COVID-19 remains high, that risk has been mitigated by a significant reduction in positive cases, the increase in vaccination rates, and the availability of medical treatment. With respect to Petitioner's claims on the merits of his case, those issues will not be adjudicated until the Respondent has filed its Answer and the state court record.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    November 23, 2022
          New York, New York