UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID E. CARTER,

           Petitioner,

   -against-

ANTHONY ANNUCCI,

           Respondent.

22-CV-9019 (ER) (SN)

ORDER

SARAH NETBURN, United States Magistrate Judge:

Petitioner David E. Carter, who appears *pro se* and is presently incarcerated in the Auburn Correctional Facility, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which he challenges his conviction in the New York Supreme Court, New York County. A liberal interpretation of the petition and Petitioner's subsequently filed *pro se* submissions suggests that Petitioner asserts the following grounds for *habeas corpus* relief:

1. Petitioner's state-court trial counsel and appellate counsel were ineffective.
2. The evidence presented at trial was insufficient to sustain Petitioner's conviction of robbery in the first degree because Petitioner did not take the complainant's iPhone from the complainant's shirt pocket; the complainant handed it to him.
3. The evidence presented at trial was insufficient to sustain Petitioner's conviction of robbery in the first degree because Petitioner did not point a metal can opener or bottle opener at the complainant after Petitioner gained possession of the complainant's iPhone and in response to the complainant's demand to return it.
4. The trial judge did not adequately reveal the contents of a jury note to the parties.
5. Petitioner seeks release from confinement due to his medical conditions and, thus, his increased risk of being infected with COVID-19; he also seeks release due to being assaulted by correctional officers and, possibly, by gang-affiliated prisoners.

Generally speaking, a federal district court cannot grant a petitioner Section 2254 *habeas corpus* relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). But it can deny a Section 2254 petition "on the merits,

notwithstanding the failure of the [petitioner] to exhaust the remedies available in the courts of the State." § 2254(b)(2).

A "mixed" petition is a *habeas corpus* petition "containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). After reviewing the petition and the other submissions filed in this action, the Court has determined that the petition is a mixed petition because it appears that Petitioner has exhausted his available state-court remedies as to grounds 3 and 4, but has not exhausted them as to grounds 1, 2, and 5, as listed above.

When confronted with a mixed petition, a federal district court has four options: (1) stay the petition pending the petitioner's exhaustion of state-court remedies as to all grounds for relief, *id.* at 277-78; (2) deny the petition without prejudice pending total exhaustion, *see Zarvela v. Artuz*, 254 F. 3d 374, 380, 382 (2d Cir. 2001); (3) consider only the exhausted claims, if the petitioner agrees to abandon his unexhausted claims, *id.* at 378; or (4) deny the entire petition on the merits, *see* § 2254(b)(2). If a court decides to stay the proceedings, it "should place reasonable time limits on a petitioner's trip to state court and back," *Rhines*, 544 U.S. at 278; its "discretion in structuring the stay is limited by the timeliness concerns reflected in" the applicable one-year limitations period, *id.* at 277; *see* 28 U.S.C. § 2244(d)(1).

In light of Petitioner's *pro se* status, the Court is inclined to either: (1) stay this action pending Petitioner's exhaustion of his state-court remedies as to grounds 1, 2, and 5, or; (2) with Petitioner's consent, consider grounds 3 and 4 on their merits, and deem grounds 1, 2, and 5 abandoned. The Court therefore directs Petitioner to inform the Court, in writing, by June 7, 2023, whether he requests that the Court stay this action pending his exhaustion of his state-court

remedies as to grounds 1, 2, and 5, or requests that the Court consider grounds 3 and 4 on their merits, and deem grounds 1, 2, and 5 abandoned.[1]

**SO ORDERED.**

Dated: May 24, 2023
      New York, New York

SARAH NETBURN
United States Magistrate Judge

---

[1] The Court notes, especially in light of Petitioner's repeated requests in this action for his release, that if the Court does stay this action, the Court will not issue a decision on the merits of this action until after the relevant exhaustion of state-court remedies has taken place.