UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID E. CARTER,

                Petitioner,

      -against-

ANTHONY ANNUCCI,

                Respondent.

22-CV-9019 (ER) (SN)

ORDER

SARAH NETBURN, United States Magistrate Judge:

By order dated May 24, 2023, the Court informed the parties that a liberal interpretation of the present *pro se* petition for a writ of *habeas corpus*, which is brought under 28 U.S.C. § 2254, and of Petitioner's subsequently filed *pro se* submissions, suggested that Petitioner was asserting the following grounds for *habeas corpus* relief:

1. Petitioner's state-court trial counsel and appellate counsel were ineffective.
2. The evidence presented at trial was insufficient to sustain Petitioner's conviction of robbery in the first degree because Petitioner did not take the complainant's iPhone from the complainant's shirt pocket; the complainant handed it to him.
3. The evidence presented at trial was insufficient to sustain Petitioner's conviction of robbery in the first degree because Petitioner did not point a metal can opener or bottle opener at the complainant after Petitioner gained possession of the complainant's iPhone and in response to the complainant's demand to return it.
4. The trial judge did not adequately reveal the contents of a jury note to the parties.
5. Petitioner seeks release from confinement due to his medical conditions and, thus, his increased risk of being infected with COVID-19; he also seeks release due to being assaulted by correctional officers and, possibly, by gang-affiliated prisoners.

(ECF 83, at 1.)

Generally, a federal district court cannot grant Section 2254 *habeas corpus* relief unless the petitioner has exhausted available state-court remedies (*id.* (quoting 28 U.S.C. § 2254(b)(1)(A))), and it recognized this petition as a "mixed" petition, that is, a petition "'containing some claims that have been exhausted in the state courts and some that have not,'"

(*id.* at 2 (quoting *Rhines v. Weber*, 544 U.S. 269, 271 (2005)). The Court also determined that Petitioner has exhausted his available state-court remedies as to grounds 3 and 4, but has not exhausted them as to grounds 1, 2, and 5, as listed above. (*Id.*)

The Court then listed the four following possible options that a federal district court has when confronted with a mixed petition, which are: (1) stay the petition pending the petitioner's exhaustion of state-court remedies as to all grounds for relief; (2) deny the petition without prejudice pending total exhaustion; (3) consider only the exhausted claims, if the petitioner agrees to abandon his unexhausted claims; or (4) deny the entire petition on the merits. (*Id.* (citing § 2254(b)(2); *Rhines*, 544 U.S. at 277-78; and *Zarvela v. Artuz*, 254 F.3d 374, 378, 380, 382 (2d Cir. 2001)). In light of Petitioner's *pro se* status, the Court directed Petitioner to inform the Court, in writing, by June 7, 2023, whether he requests that the Court stay this action pending his exhaustion of his state-court remedies as to grounds 1, 2, and 5, or requests that the Court consider grounds 3 and 4 on their merits, and deem grounds 1, 2, and 5 abandoned.

On June 5, 2023, the Court received a letter from Petitioner, informing the Court that he has abandoned grounds 1, 2, and 5, and requesting that the Court consider grounds 3 and 4 on their merits. (ECF 84.) One day later, on June 6, 2023, the Court received another letter from Petitioner in which he:

> seek[s] [the Court's] permission to respond to the Court after reviewing DVD[s] that arrived [at Petitioner's prison] today . . . [,] which is pertinent in regards to . . . [g]rounds 3 and 4[] whereas [he] intend[s] to review this particular oral argument and respond intelligently to the Court whereas a reversal[] or modification is sought. . . . [*sic*]

(ECF 85, at 1.)

Accordingly, the Court understands that grounds 1, 2, and 5, as discussed above, are abandoned; the Court will consider only grounds 3 and 4 on their merits.

Separately, Petitioner is granted until June 30, 2023, to file a supplemental response after he views the recently provided DVDs.


**SO ORDERED.**

_____
SARAH NETBURN
Dated:    June 13, 2023                    United States Magistrate Judge
          New York, New York

3