UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID E. CARTER,

                         Petitioner,

              -*against*-

ANTHONY ANNUCCI,

                         Respondent.

**ORDER**

22-cv-09019 (ER)

RAMOS, D.J.:

      On May 10, 2022, David E. Carter filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of New York. Doc. 1. The case was transferred to this District on October 20, 2022. This Court referred the case to Magistrate Judge Netburn on October 24, 2022. Doc. 21.

      Magistrate Judge Netburn issued a report and recommendation (R&R) on August 16, 2023, recommending that the petition be denied in its entirety. Doc. 90. The R&R stated that the parties had fourteen days from its service to file written objections. *Id.* at 26–27. No objections to the R&R were filed. On September 5, 2023, this Court issued an order adopting the R&R, stating that it had reviewed the R&R and found "no error, clear or otherwise." Doc. 95 at 2. Accordingly, the Court adopted the R&R, denied Carter's petition, and closed the case. *Id.* Judgment was entered on October 12, 2023. Doc. 97.

      Carter, who is incarcerated, sent the Court a letter that was filed on October 30, 2023. Doc. 98. He stated that there had been "significant delay" in the delivery of his legal mail. *Id.* Carter's letter appeared to suggest that this delay affected his ability to respond to the R&R. *Id.* The Court directed Respondent to answer Carter's letter. Doc. 99. Carter then sent the Court

another letter—styled as a "motion for oral argument"—that was filed on November 1, 2023. Doc. 100. Carter asserted that his petition was "misconstrued" and that the Court had failed to consider his appellate brief to the First Judicial Department as part of the state court record. *Id.*

On November 8, 2023, Respondent replied to Carter's assertions of delays with his legal mail. Doc. 104. Respondent observed that, according to the docket, a copy of the R&R was mailed to Carter on August 17, 2023, the day after it was issued. *Id.* at 1. Three other orders issued by Magistrate Judge Netburn were mailed to Carter on August 18, 2023. *Id.* A copy of this Court's order adopting the R&R was mailed to Carter on September 6, 2023. *Id.* And a copy of the judgment was mailed to Carter on October 16, 2023. *Id.*

Respondent also submitted a certified copy of excerpts from the Marcy Correctional Facility mail log from August 18, 2023, through November 1, 2023. *Id.*; *see* Doc. 104-2. The mail log indicates that Petitioner received court mail on August 22, August 24, September 12, September 27, October 24, and October 26. *See* Doc. 104-2. Respondent noted that the mailing of the R&R to Carter on August 17 appears to correspond with the log's indication that Carter received court mail on August 22. Doc. 104 at 2. In response, Carter stated that regardless of the dates on the mail log, he received the R&R on August 30. Doc. 110.

The Court will not revisit either the R&R or its order adopting the R&R. Even accepting Carter's assertion that he did not receive the R&R until August 30, Carter still did not file any timely objections to the R&R. While there is a letter from Carter dated September 1—which was docketed on September 21—that letter did not include any objections to the R&R. Doc. 96. Instead, Carter appeared to assert that he "agree[d]" with Magistrate Judge Netburn but wished to "amend" his petition. *Id.* Furthermore, this Court's order adopting the R&R stated: "Notwithstanding that no objections were filed, the Court reviewed Magistrate Judge Netburn's

2

thorough and well-reasoned report and finds no error, clear or otherwise." Doc. 95 at 2. In other words, the Court's adoption of the R&R did not turn on the fact that no objections were filed. Accordingly, the Court will not revisit the R&R. Carter's motions for oral argument, Docs. 100, 109, and his motion "to reconvene proceedings," Doc. 107, are denied.[1]

Additionally, Carter has filed two notices of appeal—and related documents—challenging this Court's order adopting the R&R. As noted above, the Court adopted the R&R on September 5, 2023, and judgment was entered on October 12, 2023. Carter filed a notice of appeal on November 3, 2023. Doc. 103. He noted that he was challenging the September 5 order adopting the R&R. *Id.* On the same day, Carter also filed a motion for extension of time to file the notice of appeal, Doc. 101, and a motion for leave to proceed in forma pauperis (IFP) on appeal, Doc. 102. He stated that he sought an extension because of delays in the delivery of his legal mail. Doc. 101. Finally, on November 8, 2023, Carter filed another notice of appeal and corresponding motion for extension of time. Docs. 105, 106. He again stated that he was appealing the September 5 order adopting the R&R and that an extension was warranted because of delays in the delivery of his legal mail. Docs. 105, 106.

---

[1] The Court concludes that it has jurisdiction over these motions even though Carter has filed two notices of appeal. Docs. 103, 105. "Normally, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Gannaway v. New York*, No. 21 Civ. 10314 (LTS), 2022 WL 62156, at *1 (S.D.N.Y. Jan. 5, 2022) (alteration in original) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But liberally construing Carter's submission, Doc. 100, as a motion for reconsideration, the Court has jurisdiction to consider the motion because it was filed within twenty-eight days of the entry of judgment on October 12, 2023. *See Gannaway*, 2022 WL 62156, at *1–2 (construing petitioner's objection liberally as a motion for relief under Rule 59(e), Local Civil Rule 6.3, and Rule 60(b), and concluding that the court retained jurisdiction to consider the motion, despite the filing of a notice to appeal, because it was filed within twenty-eight days of the judgment).

The question is less clear with respect to Carter's motions, Docs. 107, 109, that were filed *after* his notices of appeal. Those motions do not appear to have been filed within the twenty-eight-day period to move for reconsideration. Nevertheless, the Court finds that interests of efficiency and judicial economy support this Court's resolving the pending motions. *See In re M/V DG Harmony*, No. 98 Civ. 8394 (DC), 2007 WL 895251, at *2 (S.D.N.Y. Mar. 16, 2007) (concluding that "concerns of efficiency and the interests of judicial economy" supported issuing order of clarification even though notice of appeal had been filed).

The Court finds that Carter was not required to file a motion for extension of time to file the notice of appeal.  Judgment was entered on October 12, 2023; Carter appears to have filled out his notice of appeal on October 25, 2023, and it was filed on November 3, 2023.  Doc. 103.  Carter was therefore within the thirty-day window to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), so his motion for an extension of time is denied as unnecessary.  *See, e.g.*, *Gannaway v. New York*, No. 21 Civ. 10314 (LTS), 2022 WL 62156, at *1 (S.D.N.Y. Jan. 5, 2022) (denying motion for extension of time to file notice of appeal as unnecessary where petitioner's notice of appeal was timely filed).[2]

Likewise, Carter did not need to move for leave to proceed IFP on appeal.  Carter's application to proceed IFP in this Court was granted on October 24, 2022.  Doc. 18.  A party who has been authorized to proceed IFP in the district court may proceed IFP on appeal without further authorization, unless a statute provides otherwise or the district court certifies that an appeal would not be in good faith.  Fed. R. App. P. 24(a)(3).  Accordingly, Carter does not need any further authorization to proceed IFP on appeal, and his motion is denied as unnecessary.  *See, e.g.*, *Akande v. U.S. Marshal Serv.*, No. 13-69, 2013 WL 12437530, at *1 (2d Cir. Mar. 27, 2013) (denying motion for leave to appeal IFP as unnecessary because appellant was granted IFP status in the district court and that status was not revoked).

\* \* \*

For the foregoing reasons, Carter's motions for oral argument, Docs. 100, 109, and his motion "to reconvene proceedings," Doc. 107, are DENIED.  Carter's motions for an extension of time, Docs. 101, 106, and his motion for leave to proceed IFP on appeal, Doc. 102, are

---

[2] Carter's second notice of appeal was timely—and thus his second motion for an extension was also unnecessary—for the same reason.  The second notice of appeal was filled out on October 30, 2023, and filed on November 8, 2023, Doc. 105, placing it within the thirty-day window following entry of judgment on October 12, 2023.

4

DENIED as unnecessary.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 100, 101, 102, 106, 107, 109.

SO ORDERED.

Dated:   November 29, 2023
        New York, New York

                                          Edgardo Ramos, U.S.D.J.